UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THOMAS PHILLIP BELL,<br><br>Plaintiff,<br><br>vs.<br><br>DURAL C. GROSS, DETECTIVE; KIAH MARSHALL, HUGHES COUNTY JAIL, JUDGE JOHN L. BROWN, CLERK'S OFFICE OF PIERRE, SD TEEN COURT, PIERRE, SD; HUGHES COUNTY POLICE, WAYDE FISHER, FIRED ATTORNEY; AND PATRICIA CARLSON, NEW HIRED ATTORNEY;<br><br>Defendants. | 5:21-CV-05032-RAL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SCREENING FOR DISMISSAL |

Plaintiff Thomas Phillip Bell filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Bell moves for leave to proceed in forma pauperis and for the appointment of counsel. Docs. 2, 3.

## I. Motion for Leave to Proceed In Forma Pauperis

Bell moves for leave to proceed in forma pauperis. Doc. 2. Suits brought in forma pauperis require the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see Lundahl v. JP Morgan Chase Bank, 2018 WL 3682503, at *1 (D.S.D. Aug. 2, 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(l). The litigant is not required to demonstrate

absolute destitution, and the determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983); Babino v. Janssen & Son, 2017 WL 6813137, at *1 (D.S.D. Oct. 12, 2017). In light of the information Bell provided in his financial affidavit, Doc. 2, this Court finds that he may proceed in forma pauperis. Because Bell has been granted leave to proceed in forma pauperis, his complaint will be screened under 28 U.S.C. § 1915(e).

## II. 28 U.S.C. § 1915(e) Screening

### A. Factual Background

Bell claims that Kiah Marshall lied to the police when she said she was a minor and when she accused Bell of raping her. Doc. 1 at 3. He asserts that his conviction is unconstitutional because he was convicted based on false claims. Id. The Hughes County jail was allegedly a "life threatening situation" for Bell and he was drugged by police. Id. South Dakota Sixth Judicial Circuit Court Judge John Brown was allegedly involved in fraud regarding Bell's state criminal case. Id. Bell seeks to have his conviction removed from his record, to not have to register as a sex offender, and for $10 million in monetary damages. Id.

### B. Legal Background

When a plaintiff is granted in forma pauperis status, the court screens the complaint to determine whether it should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); Martin-Trigona, 691 F.2d at 857; see also Lundahl, 2018 WL 3682503 at *1. Pro se complaints must be liberally construed. Erickson v.

Pardus, 551 U.S. 89, 94 (2007); see also Native Am. Council of Tribes v. Solem, 691 F.2d 382 (8th Cir. 1982).

Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992). A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. . . ." Neitzke, 490 U.S. at 327 (1989) (citations and internal quotations omitted).

To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679. A complaint must allege "more than labels and conclusions." Torti, 868 F.3d at 671 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

**C. Legal Analysis**

Bell's complaint is based off of an alleged unconstitutional conviction in Hughes County, South Dakota, before Judge John Brown. Doc. 1 at 3. Bell mentions that his attorney was Pat Carlson. Doc. 1 at 2. Public records that are outside of the complaint may be considered by the

court when they are embraced by the pleadings. See State ex rel Nixon, v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999) (considering public records not contrary to complaint); Surgical Synergies v. Genesee Assocs., Inc., 432 F.3d 870, 873 n.3 (8th Cir. 2005) (considering material necessarily embracing the pleadings). This Court considers Bell's criminal history in Hughes County, South Dakota, as being embraced by the pleadings.

Bell pleaded no contest to one charge of Sexual Exploitation of a Minor under SDCL § 22-22-24.3, and was represented by defense attorney Pat Carlson. State of South Dakota v. Thomas Bell, CR 12-119, Judgment of Conviction. The occurrence that led to Bell's plea happened on or about March 17, 2012. Id. at 1. He was sentenced on January 23, 2015, by Judge John Brown. Id. Bell was ordered to register as a sex offender. Id. at 1-2.

A complaint may be dismissed by the court's own motion as frivolous when it is apparent the statute of limitations has run. Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). While § 1983 does not contain a specific statute of limitations, the Supreme Court has instructed courts to apply the most analogous statute of limitations to claims made under § 1983. Wilson v. Garcia, 471 U.S. 261, 266-68 (1985). South Dakota adopted a specific statute that provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or be barred. Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996) (referencing SDCL 15-2-15.2). Bell filed this lawsuit on May 18, 2021. Doc. 1. Because the violations alleged occurred in 2012 and 2015, Bell's compliant is barred by the statute of limitations and must be dismissed.

Even if Bell's complaint were timely filed, his complaint would not survive screening under 28 U.S.C. § 1915(e)(2)(B)(ii). Bell claims that his conviction is unconstitutional because it was based off of fraudulent accusations. Doc. 1. These claims would be barred by Heck. Heck v.

Humphrey, 512 U.S. 477, 486-87, 489 (1994). Under the Heck doctrine, "in order to recover damages for [an] allegedly unconstitutional conviction or . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must show that the "conviction or sentence [was] reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. Bell has not claimed that his conviction has been reversed, expunged, declared invalid or impugned by the granting of a writ. Thus, Bell's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**III. Order**

Accordingly, it is

ORDERED that Bell's motion for leave to proceed in forma pauperis, Doc. 2, is granted. If is further

ORDERED that Bell's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-ii). It is finally

ORDERED that Bell's motion for appointment of counsel, Doc. 3, is denied as moot.

DATED June 8th, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE