UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THOMAS PHILLIP BELL,<br><br>Plaintiff,<br><br>vs.<br><br>DURAL C. GROSS, DETECTIVE; KIAH MARSHALL, HUGHES COUNTY JAIL, JUDGE JOHN L. BROWN, CLERK'S OFFICE OF PIERRE, SD TEEN COURT, PIERRE, SD; HUGHES COUNTY POLICE, WAYDE FISHER, FIRED ATTORNEY; AND PATRICIA CARLSON, NEW HIRED ATTORNEY;<br><br>Defendants. | 5:21-CV-05032-RAL<br><br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND |

Plaintiff Thomas Phillip Bell filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Bell leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915(e). Doc. 7. His complaint was dismissed "[b]ecause the violations alleged occurred in 2012 and 2015" and his claims were barred by the statute of limitations. Id. at 4. This Court also noted that "[e]ven if Bell's complaint was timely filed, his complaint would not survive screening" because his claims were also barred by Heck v. Humphrey, 512 U.S. 477, 486-87, 489 (1994). Id. at 4-5.

Judgment was entered in favor of Defendants and against Bell. Doc. 8. Bell filed a notice of appeal and the Eighth Circuit Court of Appeals summarily affirmed this Court's judgment. Docs. 10, 14. Now, pending before this Court is Bell's motion to amend. Doc. 9. A motion for

1

leave to amend after judgment has been entered will not be granted unless the motion "is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014).

The court " 'may not ignore [Federal] Rule [of Civil Procedure] 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits.' " Id. at 743 (quoting United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823-24 (8th Cir. 2009). A court may deny a party leave to amend when there are compelling reasons such as: " 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (quoting Becker v. Univ. of Nebraska, 191 F.3d 904, 907-08 (8th Cir. 1999)). A "[d]enial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." Moody v. Vozel, 771 F.3d 1093, 1095 (8th Cir. 2014) (internal quotation omitted). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Here, Bell's motion to amend and amended complaint reiterate the same allegations in his original complaint. Compare Doc. 1 with Doc. 9. This Court has already held that these allegations are barred by the statute of limitations and even if they were timely filed, they would be barred by Heck. Doc. 7 at 4-5. Bell's amended complaint is futile.

Next, "[m]otions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or

2

raised prior to entry of judgment.' " <u>Ryan v. Ryan</u>, 889 F.3d 499, 507 (8th Cir. 2018) (quoting <u>United States v. Metro. St. Louis Sewer Dist.</u>, 440 F.3d 930, 933 (8th Cir. 2006)). Rule 60(b)'s relief is even narrower, requiring the moving party to show " 'exceptional circumstances' warranting 'extraordinary relief.' " <u>Mask of Ka-Nefer-Nefer</u>, 752 F.3d at 743 (quoting <u>United States v. Young</u>, 806 F.2d 805, 806 (8th Cir. 1986)). After review of his motion and amended complaint, Bell has not set forth facts or circumstances that would warrant relief under Rule 60(b).

Therefore, it is hereby

ORDERED that Bell's motion to amend, Doc. 9, is denied.

DATED July 21st, 2021

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE