UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THOMAS PHILLIP BELL,<br><br>Plaintiff,<br><br>vs.<br><br>DURAL C. GROSS, DETECTIVE; KIAH MARSHALL, HUGHES COUNTY JAIL, JUDGE JOHN L. BROWN, CLERK'S OFFICE OF PIERRE, SD TEEN COURT, PIERRE, SD; HUGHES COUNTY POLICE, WAYDE FISHER, FIRED ATTORNEY; AND PATRICIA CARLSON, NEW HIRED ATTORNEY;<br><br>Defendants. | 5:21-CV-05032-RAL<br><br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO REOPEN CASE |

Plaintiff Thomas Phillip Bell filed this pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted Bell leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915(e). Doc. 7. His complaint was dismissed "[b]ecause the violations alleged occurred in 2012 and 2015" and his claims were barred by the statute of limitations. Id. at 4. This Court also noted that "[e]ven if Bell's complaint was timely filed, his complaint would not survive screening" because his claims were also barred by Heck v. Humphrey, 512 U.S. 477, 486–87, 489 (1994). Id. at 4–5.

This Court entered judgment in favor of Defendants and against Bell on June 8, 2021. Doc. 8. Bell filed a notice of appeal and the Eighth Circuit Court of Appeals on July 19, 2021,

1

summarily affirmed this Court's judgment. Docs. 10, 14. Bell previously filed a post-judgment motion to amend, Doc. 9, which this Court denied, Doc. 15.

Bell on January 6, 2026, filed material that the Clerk of Court docketed as a motion to reopen case, Doc. 17, and a "doctrine motion to reopens pendency," Doc. 18. This Court finds nothing in the new filings to justify reopening a case that has been dismissed with the dismissal affirmed by the Eighth Circuit. Generally, "[m]otions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (quoting United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2003)). Rule 60(b)'s relief is even narrower, requiring the moving party to show "'exceptional circumstances' warranting 'extraordinary relief.'" United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)). After review of his motion and amended complaint, Bell has not set forth facts or circumstances that would warrant relief under Rule 59(e) or Rule 60(b).

Therefore, it is hereby

ORDERED that Bell's motions to reopen case, Docs. 17, 18, are denied.

DATED this 20th day of January, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE